IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § | |
| SUCCESSOR IN INTEREST TO LEGACY | § | |
| MEDICAL CONSULTANTS, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| FOOT & ANKLE DOCTORS, INC., WENDY | § | |
| MOLINA, AND FARSHID NEJAD, | § | |
| | § | |
| *Defendant.* | § | |

## <u>DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 1

LEGAL STANDARDS ................................................................................................... 2

    I.      Personal Jurisdiction ......................................................................................... 2

    II.     Failure to State a Claim ..................................................................................... 4

ARGUMENT & AUTHORITIES ................................................................................... 5

    I.      Defendants are not Subject to Personal Jurisdiction in Texas ....................... 5

        A.     General Jurisdiction Does Not Exist ...................................................... 5

        B.     Specific Jurisdiction Does Not Exist ..................................................... 6

            i.      Defendants Contracting to Buy Goods from a Texas Resident
                  Does Not Subject Them to Specific Jurisdiction ................................ 7

            ii.     Defendants' Communications with a Texas Resident Do Not
                  Subject Them to Specific Jurisdiction ................................................ 9

            iii.    The Contract's Choice of Law Provision Does Not Subject
                  Defendants to Specific Jurisdiction .................................................... 9

        C.     Defendants Have Not Waived the Personal Jurisdiction Requirement ................ 10

    II.     Alternatively, LMC Fails to State a Claim Against Molina and Nejad ...................... 11

PRAYER ........................................................................................................................ 15

CERTIFICATE OF SERVICE ...................................................................................... 16

# TABLE OF AUTHORITIES

## Cases

*Allen v. Vertafore, Inc.*, 28 F.4th 613 (5th Cir. 2022) ....................................................... 4

*Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252 (5th Cir. 2011) ...................................... 4

*Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97 (5th Cir. 1974) ............................ 11

*Ayati-Ghaffari v. Dimon*, No. 419CV00533ALMCAN, 2020 WL 2478541 (E.D. Tex. Jan. 13, 2020), *report and recommendation adopted,* No. 4:19-CV-533, 2020 WL 1074301 (E.D. Tex. Mar. 6, 2020) ............................................................ 11

*Bell Paper Box, Inc. v. Trans W. Polymers, Inc.*, 53 F.3d 920 (8th Cir. 1995) ............................... 8

*Bulkley & Assocs., L.L.C. v. Dep't of Indus. Relations*, 1 F.4th 346 (5th Cir. 2021) ...................... 3

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ............................................................ 8, 9

*Carter v. Target Corp.*, 541 Fed. App'x 413 (5th Cir. 2013) ...................................................... 4

*Coleman v. Sweetin*, 745 F.3d 756 (5th Cir. 2014) .................................................................. 4

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124 (3d Cir. 2020) ................... 10

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) ...................................... 3, 6

*Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331 (5th Cir. 2020) ........................................... 5

*Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327 (5th Cir. 2004) ............................. 7, 9

*George v. SI Group, Inc.*, 36 F.4th 611 (5th Cir. 2022) .............................................................. 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ................................. 5, 6

*Gulf & Basco Co. v. Buchanan*, 707 S.W.2d 655 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) ......................................................................................... 13

*Health Commc'ns, Inc. v. Mariner Corp.*, 860 F.2d 460 (D.C. Cir. 1988) .................................... 8

*Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011) (per curiam) ....................... 5

*Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986) .................................................. 7

*Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026 (5th Cir. 1983) ................................... 9

*International Shoe. Co. v. Washington*, 326 U.S. 310 (1945) ........................................................ 3

*J & J Sports Prods., Inc. v. Mandell Fam. Ventures, LLC*, No. 3:10-CV-02489-BF, 2012 WL 4512500 (N.D. Tex. Oct. 2, 2012) ................................................. 13

*J.B. Int'l, LLC v. William Noble Rare Jewels, L.P.*, No. 3:22-CV-1422-K, 2023 WL 7190642 (N.D. Tex. Nov. 1, 2023) ................................................. 14

*Jones v. Artists Rts. Enf't Corp.*, 789 F. App'x 423 (5th Cir. 2019) ................................................. 9

*LaRoe v. Blue Cross Blue Shield of Tex.*, No. CIV.A.3:03-CV-2381-K, 2004 WL 1585842 (N.D. Tex. July 13, 2004) ................................................. 12

*Latch v. Gratty, Inc.*, 107 S.W.3d 543 (Tex. 2003) ................................................. 11, 13

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) ..................... 4

*Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006) ................................................. 2

*McFadin v. Gerber*, 587 F.3d 753 (5th Cir. 2009) ................................................. 8, 9

*Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 2007) ................................................. 7, 8

*Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405 (1929) ................................................. 10

*Nationwide Engineering & Control Systems, Inc. v. Thomas*, 837 F.2d 345 (8th Cir. 1988) ................................................. 10

*Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428 (Tex. 2017) ................................................. 14

*Plan B Holdings, LLC v. RSLLP*, 681 S.W.3d 443 (Tex. App.—Austin 2023) ................................................. 14

*Robertson v. Bland*, 517 S.W.2d 676 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ dism'd) ................................................. 14

*Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985) ................................................. 3, 7, 10

*Thompson v. Cartlidge*, 158 F.3d 583 (5th Cir. 1998) (per curiam) ................................................. 10

*TXU Energy Retail Co., LP v. Emanuel Med. Ctr., Inc.*, No. CIV.A. 3:02-CV-2400-, 2003 WL 21281651 (N.D. Tex. May 28, 2003) (Ramirez, J.) ................................................. 8

*Ward v. Prop. Tax Valuation, Inc.*, 847 S.W.2d 298 (Tex. App.—Dallas 1992, writ denied) ................................................. 12

*Watkins v. Gateway First Bank*, No. 3:20-CV-2136-L-BH, 2021 WL 1725534 (N.D. Tex. Mar. 15, 2021) (Ramirez, J.), *report and recommendation adopted,* No. 3:20-CV-2136-L-BH, 2021 WL 1720255 (N.D. Tex. Apr. 30, 2021) (Lindsay, J.) .................. 9

*Wright Grp. Architects-Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196 (Tex. App.— Dallas 2011, no pet.) ........................................................................................................ 12

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 17.042 ...................................................................... 3

**Treatises**

§ 1395 Waiver of Certain Defenses—Removed Actions, 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Fed. Prac. & Proc. Civ. § 1395 (3d ed. 2025).............. 11

Restatement (Second) of Agency § 320 (Am. L. Inst. 1958)........................................ 14

## INTRODUCTION

COMES NOW Defendants Foot & Ankle Doctors, Inc. ("FAD"), Wendy Molina ("Molina"), and Farshid Nejad ("Nejad") (collectively, "Defendants") and file this their motion to dismiss the above-captioned matter for lack of personal jurisdiction or, alternatively, for failure to state a claim against Molina and Nehad ("Motion"). In support of this Motion, Defendants respectfully show the Court as follows:

## BACKGROUND

Molina and Nejad both reside in California and intend to remain there. *See* Ex. 1 (Molina Decl.) at ¶ 2; Ex. 2 (Nejad Decl.) at ¶ 2. Neither Molina nor Nejad resides in Texas, nor do they intend to do so in the future. *See* Ex. 1 at ¶ 3; Ex. 2 at ¶ 3. Neither Molina nor Nejad routinely travels to Texas, and they do not own real property or personal property located in Texas or transact business in Texas. *See* Ex. 1 at ¶ 3; Ex. 2 at ¶ 3.

Molina and Nejad's employer, FAD, is a corporation organized under the laws of the State of California with its principal place of business in California. *See* Ex. 1 at ¶ 4; Ex. 2 at ¶ 4.

According to the Original Petition filed by Plaintiff Legacy Medical Consultants, LP ("LMC"), Molina and FAD entered into an agreement (the "Impax Agreement") to purchase goods from LMC but failed to pay LMC after LMC delivered the goods. *See* ECF 1-5 (Orig. Pet.) at ¶¶ 15, 28. LMC goes on to plead that Nejad and FAD entered into another agreement (the "SurGraft Agreement") to purchase goods from LMC but failed to pay LMC after LMC delivered the goods. *See* ECF 1-5 at ¶¶ 16, 28. LMC insists that, because Molina and Nejad signed these agreements, Molina and Nejad entered these agreements in their individual capacities and not simply as agents of FAD. *See* ECF 1-5 at ¶¶ 23-26. The Impax Agreement and the SurGraft Agreement, which are exhibits to LMC's original petition, begin with the following sentences, respectively:

This Purchase Agreement (the "Agreement") is entered into as of this _____ day of _____ , 20__ (the "Effective Date") between Legacy Medical Consultants and

Provider Name: **Foot & Ankle Doctors, Inc.**

This Rebate Fulfillment Agreement (the "Agreement") is entered into as of this ___ day of April , 20__ (the "Effective Date") between Legacy Medical Consultants and

Provider Name:        Foot & Ankle Doctors, Inc

*See* ECF 1-6 p. 1; ECF 1-7 p. 1.

The alleged contracts do not contemplate performance in Texas. *See generally* ECF 1-6; ECF 1-7. Defendants communicated with representatives of LMC only via phone and email, during which Defendants were located in California. *See* Ex. 1 at ¶ 5; Ex. 2 at ¶ 5. No Defendant nor anyone working on behalf of any Defendant ever traveled to Texas to negotiate a contract with LMC, to sign a contract with LMC, to pick up goods from LMC, or to deliver payment to LMC. *See* Ex. 1 at ¶ 5; Ex. 2 at ¶ 5. Any goods any Defendant obtained from LMC were shipped to them in California. *See* Ex. 1 at ¶ 5; Ex. 2 at ¶ 5.

Despite Defendants' lack of meaningful contacts with Texas, LMC sued Defendants in a Texas state court. *See* ECF 1-5. Defendants removed the case to this Court. *See* ECF 1.

## LEGAL STANDARDS

### I.    Personal Jurisdiction

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The Fourteenth Amendment's Due Process Clause limits the power to exercise personal jurisdiction to cases when the defendant has such "'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system

of government,' and 'does not offend traditional notions of fair play and substantial justice.'"[1] *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *International Shoe. Co. v. Washington*, 326 U.S. 310, 316–17 (1945) (internal quotation marks omitted)). This analysis, which focuses on the nature and extent of the defendant's relationship to the forum, recognizes two forms of personal jurisdiction: general or specific. *Id.*

General jurisdiction exists "only when a defendant is 'essentially at home' in the State." *Id.* "[A]n individual is subject to general jurisdiction in her place of domicile." *Id.* at 358-59.

Specific jurisdiction, on the other hand, only exists where the defendant took "some act by which [he] purposefully avail[ed] [him]self of the privilege of conducting activities within the forum State." *Id.* at 359. **"**The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Id.* Further, the plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum State. *Id.* "Or put just a bit differently, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at 259-60 (internal quotation marks omitted). "A minimum-contacts analysis involves more than counting the nonresident's contacts with the forum." *Stuart v. Spademan*, 772 F.2d 1185, 1189–90 (5th Cir. 1985). "The defendant's conduct and connection with the forum state must be such that [he] should reasonably anticipate being haled into court in the forum state." *Id.* at 1190. "The unilateral activity of those who claim some relationship with a nonresident defendant, however, cannot satisfy the requirement of contact with the forum state." *Id.*

---

[1] Because the Texas long-arm statute extends to the limits of federal due process, the two-step process of analyzing both the long-arm statute and Fourteenth Amendment due process "collapses into one federal due process analysis." *See Bulkley & Assocs., L.L.C. v. Dep't of Indus. Relations*, 1 F.4th 346, 351 (5th Cir. 2021); *see also* Tex. Civ. Prac. & Rem. Code § 17.042 (long-arm statute).

---

II.     **Failure to State a Claim**

A complaint should be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *See Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint, any documents attached to the complaint, any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint, and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). If the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a document attached to the motion to dismiss that is central to the claim and referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true. *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013) (refusing to accept as true factual allegations that were contradicted by the plaintiff's EEOC charging documents, which were central to plaintiff's claims and which the defendant had attached to its motion to dismiss).

## ARGUMENT & AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(2), the Court should dismiss the above-captioned matter because LMC cannot carry its burden to show that Defendants are subject to personal jurisdiction in Texas. Alternatively, the Court should dismiss the causes of action asserted against the individual Defendants because they were not parties to the purported agreements at issue.

## I.    Defendants are not Subject to Personal Jurisdiction in Texas.

### A.  General Jurisdiction Does Not Exist.

The individual Defendants are not subject to general jurisdiction in Texas. For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "Domicile requires the demonstration of two factors: residence and the intention to remain." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam). Molina's and Nejad's domiciles are in the State of California, where they reside and intend to remain. *See* Ex. 1 at ¶ 2; Ex. 2 at ¶ 2.

FAD is not subject to general jurisdiction in Texas either. For the purposes of general jurisdiction, a company is "deemed 'at home' when the continuous corporate operations within a state are so substantial and of such a nature as to justify suit ... on causes of action arising from dealings entirely distinct from those activities—which more than likely is the business's domicile." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) (quotations and brackets omitted). "[G]enerally, a corporation's 'home' falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Id.* FAD is organized

under the laws of the State of California, not Texas, and its principal place of business is in California, not Texas. *See* Ex. 1 at ¶ 4; Ex. 2 at ¶ 4.

Although general jurisdiction sometimes exists over nonresident defendants when their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State," *Goodyear Dunlop*, 564 U.S.at 919, such is not the case here. Defendants lack such continuous and systematic affiliations with Texas, and LMC cannot carry its burden to show otherwise.

### B. Specific Jurisdiction Does Not Exist.

Defendants are also not subject to specific jurisdiction in this case. As explained above, specific jurisdiction only exists where the defendant took "some act by which [he] purposefully avail[ed] [him]self of the privilege of conducting activities within the forum State" and the plaintiff's claims arise from such contacts by the defendant. *Ford Motor Co.*, 592 U.S. at 359. None of the Defendants engaged in any activities within the State of Texas relating to the subject matter of this case. *See* Ex. 1 at ¶ 5; Ex. 2 at ¶ 5. Instead, at most, Defendants have only the following *de minimis* contacts with Texas:

(1) Defendants executed the Impax Agreement and the SurGraft Agreement, which contemplate the purchase of goods from Texas-resident LMC and require payments be sent to LMC;

(2) Defendants communicated from California with LMC representatives, who might have been located in Texas; and

(3) the contract at issue contains a choice of law provision (not a forum selection clause) providing for the application of Texas law, *see* ECF 1-6 at ¶ 7; *see* ECF 1-7 at ¶ 7;.

Such contacts are insufficient to show Defendants purposefully availed themselves of the privilege of conducting activities in Texas and that they should be subject to specific jurisdiction in Texas. As the Fifth Circuit "has repeatedly held":

> …the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.

*Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004); *see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (no specific jurisdiction where "(1) [defendant] entered into a contract with [plaintiff], a Texas corporation; (2) [defendant] sent a final revised joint operating agreement from Oklahoma to Texas; (3) [defendant] sent three checks from Oklahoma to Texas in partial performance of its contractual obligations; and (4) [defendant] engaged in extensive telephonic and written communication with [plaintiff]").

Instead, the only meaningful contacts with Texas belong to LMC.  LMC's "unilateral activity" cannot be the basis for personal jurisdiction over Defendants.  *See Stuart*, 772 F.2d at 1190.

### i.    Defendants Contracting to Buy Goods from a Texas Resident Does Not Subject Them to Specific Jurisdiction.

Defendants did not become subject to specific jurisdiction by merely contracting with a Texas resident who went on to carry out its contractual obligations in Texas.  *See id.; Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007); *Freudensprung*, 379 F.3d at 344; *Holt Oil & Gas Corp.*, 801 F.2d at 778.

To that end, "a purchaser who selects an out-of-state seller's goods or services based on their economic merit does not thereby purposefully avail itself of the seller's state law, and does not merely by purchasing from the seller submit to the laws of the jurisdiction in which the seller

is located or from which it ships merchandise." *Health Comm'ns, Inc. v. Mariner Corp.*, 860 F.2d 460, 465 (D.C. Cir. 1988); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."); *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) ("It is clearly established that "merely contracting with a resident of the forum state does not establish minimum contacts."); *TXU Energy Retail Co., LP v. Emanuel Med. Ctr., Inc.*, No. CIV.A. 3:02-CV-2400-, 2003 WL 21281651, at *4 (N.D. Tex. May 28, 2003) (Ramirez, J.) ("It is difficult to find that a nonresident defendant has 'reached out' to a resident plaintiff where the nonresident defendant is a buyer, rather than a seller of the resident plaintiff's products."); *Bell Paper Box, Inc. v. Trans W. Polymers, Inc.*, 53 F.3d 920, 922 (8th Cir. 1995) ("Merely entering into a contract with a forum resident does not provide the requisite contacts between a nonresident defendant and the forum state. <u>This is particularly true when the nonresident defendant is a buyer</u>, rather than a seller.") (brackets omitted, emphasis added).

As the Fifth Circuit has explained:

> …merely contracting with a resident of Texas is not enough to establish minimum contacts. Moreover, a plaintiff's unilateral activities in Texas do not constitute minimum contacts where the defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas.

*Moncrief Oil Int'l*, 481 F.3d at 312. As discussed in *Moncrief Oil*, Defendants merely (allegedly) "contract[ed] with a resident of Texas;" they "did not perform any of [their] obligations in Texas," and "the contract did not require performance in Texas." *Id.*

Although the agreements purportedly required Defendants to send payments to LMC—presumably from California to Texas—the gravamen of LMC's complaint is that Defendants did not make those payments (and therefore lacks such contacts). Even if Defendants sent payments

from California to Texas, the Fifth Circuit does not "weigh heavily" the transmission of payments "into the forum state in exchange for the goods." *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1029 (5th Cir. 1983); *see also Jones v. Artists Rts. Enf't Corp.*, 789 F. App'x 423, 426 (5th Cir. 2019) ("The payments were sent to Louisiana only because Johnson resided there, which fails to establish purposeful minimum contacts."); *Freudensprung*, 379 F.3d at 344 (Fifth Circuit "has repeatedly held" that "mailing payments to the forum state" is "insufficient to establish" specific jurisdiction. After all, such contact is premised on the coincidental location of the seller, not on the buyer's purposeful availment of Texas law.

### ii. Defendants' Communications with a Texas Resident Do Not Subject Them to Specific Jurisdiction.

Defendants did not become subject to specific jurisdiction in Texas merely because they communicated, from outside of Texas, with LMC representatives who might have been in Texas. The Fifth Circuit has "held that communications relating to the performance of a contract themselves are insufficient to establish minimum contacts." *McFadin*, 587 F.3d at 760; *see also Freudensprung*, 379 F.3d at 344.

### iii. The Contract's Choice of Law Provision Does Not Subject Defendants to Specific Jurisdiction.

Although a court may consider the existence of a "choice-of-law provision" when deciding whether a defendant purposefully availed himself of a forum, "such a provision standing alone would be insufficient to confer jurisdiction." *Burger King*, 471 U.S. at 482. Indeed, the Court has determined that "a governing law clause [in favor of Texas law] standing alone is insufficient to confer jurisdiction," where the nonresident defendant merely "contracted with Texas residents and engaged in communications" with them. *Watkins v. Gateway First Bank*, No. 3:20-CV-2136-L-BH, 2021 WL 1725534, at *5 (N.D. Tex. Mar. 15, 2021) (Ramirez, J.), *report and recommendation adopted,* No. 3:20-CV-2136-L-BH, 2021 WL 1720255 (N.D. Tex. Apr. 30, 2021) (Lindsay, J.).

The case at bar is similar to *Stuart v. Spademan*, in which the nonresident defendant "entered into a contract with Texas residents"; "shipped [goods] to the plaintiffs in Texas for modification"; "exchanged letters and telephone calls" with the plaintiffs; "mail[ed] … payments to the plaintiffs in Texas"; and entered an agreement which "included a choice-of-law provision that anticipated the application of Texas law."  772 F.2d 1185, 1192, 1194 (5th Cir. 1985).  The Fifth Circuit held that the choice of law clause was "certainly insufficient of itself to justify jurisdiction over [the defendant]."  *Id.* at 1196.  The Court continued, "[n]or is it sufficient, when added to the other alleged contacts, to alter our holding that an inference of purposeful availment is not supported by the totality of the purported contracts between [the defendant] and Texas."  *Id.* at 1196.  In fact, Defendants had even less contact with Texas than the defendant in *Stuart*, because Defendants did not ship goods to Texas for modification.

### C.  Defendants Have Not Waived the Personal Jurisdiction Requirement.

Defendants did not waive their right to challenge personal jurisdiction by removing this case from state court.  "Courts have consistently held . . . that, removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction."  *Thompson v. Cartlidge*, 158 F.3d 583 (5th Cir. 1998) (per curiam) (quotations and brackets omitted) (citing *Nationwide Engineering & Control Systems, Inc. v. Thomas,* 837 F.2d 345, 347-48 (8th Cir.1988)); *see also Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) ("Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary."); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("Removal does not cure jurisdictional defects, so defendants can still challenge jurisdiction after removal."); *Ayati-Ghaffari v. Dimon*, No. 419CV00533ALMCAN, 2020 WL 2478541, at *4 (E.D. Tex. Jan. 13, 2020), *report and recommendation adopted,* No. 4:19-

CV-533, 2020 WL 1074301 (E.D. Tex. Mar. 6, 2020) ("Defendant Dimon has not waived his objection to personal jurisdiction merely by filing a Notice of Removal.").

This rule is now hornbook law: "A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections." § 1395 Waiver of Certain Defenses—Removed Actions, 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Fed. Prac. & Proc. Civ. § 1395 (3d ed. 2025).

## II.    Alternatively, LMC Fails to State a Claim Against Molina and Nejad.

Alternatively, the Court must dismiss LMC's causes of action against the individual Defendants because they are only involved in this case in their capacities as representatives of FAD.

LMC alleges that Molina, in her individual capacity, and FAD are both parties to the Impax Agreement. *See* ECF 1-5 ¶ 38. Similarly, LMC alleges that Nejad, in his individual capacity, and FAD are both parties to the SurGraft Agreement. *See id.* ¶ 64. LMC insists that "Molina and Nejad are liable personally under Texas law because they executed the Agreements personally and did not sign or otherwise disclose that they were signing the Agreements in a representative capacity." *See id.* ¶ 22. Indeed, under Texas law, "an agent who signs a contract on behalf of an undisclosed principal is liable on the contract." *Latch v. Gratty, Inc.*, 107 S.W.3d 543, 546 (Tex. 2003) (emphasis added).

But that was not the case here. The Court need not accept LMC's allegation about the failure to disclose FAD as true because it is disproved by the agreements themselves, which are attached to LMC's pleading. *See Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, …especially when such conclusions are contradicted by facts disclosed by a document

appended to the complaint. If the appended document…reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); *LaRoe v. Blue Cross Blue Shield of Tex.*, No. CIV.A.3:03-CV-2381-K, 2004 WL 1585842, at *1 (N.D. Tex. July 13, 2004) ("the court need not accept as true conclusory or inferential allegations which are contradicted by the facts pleaded or set out in the exhibits attached to or incorporated in the pleading").

The first sentence of each agreement identifies FAD as the party to the agreement with LMC:



This Purchase Agreement (the "Agreement") is entered into as of this __9__ day of __Feb__ , 20__24__ (the "Effective Date") between Legacy Medical Consultants and

Provider Name: **Foot & Ankle Doctors, Inc.**



This Rebate Fulfillment Agreement (the "Agreement") is entered into as of this __01__ day of __April__ , 20__25__ (the "Effective Date") between Legacy Medical Consultants and

Provider Name:            Foot & Ankle Doctors, Inc

*See* ECF 1-6 p. 1; ECF 1-7 p. 1.  Thus, the identity of Molina and Nejad's principal, FAD, was disclosed to LMC, contrary to LMC's allegations.  Because Molina and Nejad were only involved in their capacity as agents of FAD and signed the agreements only in that capacity, the causes of action against them should be dismissed.  "[W]here it is apparent from the entire contract that an officer of a corporation signed the contract on behalf of the corporation as an agent of the corporation, it is the corporation's contract."  *Ward v. Prop. Tax Valuation, Inc.*, 847 S.W.2d 298, 300 (Tex. App.—Dallas 1992, writ denied).  "In such a case, the signing officer is not individually liable on the contract."  *Id.*; *see also Wright Grp. Architects-Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196, 201 (Tex. App.—Dallas 2011, no pet.) (citing *Ward*).

LMC also alleges that Molina and Nejad are individually liable under the agreements because the signature blocks feature their names in the blank reserved for the customer's printed name and because the signature blocks do "not reference any representative title or corporate authority." *See* ECF 1-5 ¶ 23-26. The signature blocks appear as follows:



*See* ECF 1-6 p. 2; ECF 1-7 p. 2. LMC's argument about the signature blocks does not hold water.

As the Supreme Court has explained, "The mere fact that [a signatory] signed the agreement without indicating his agency is no evidence that he acted individually." *Latch*, 107 S.W.3d at 546. Indeed, "the failure of a corporate officer to affix his corporate capacity to his signature does not make it a contract of the individual officer where the contract on its face is a contract of the corporation and the other parties have notice of his relation to the corporation." *Gulf & Basco Co. v. Buchanan*, 707 S.W.2d 655, 657–58 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *see also J & J Sports Prods., Inc. v. Mandell Fam. Ventures, LLC*, No. 3:10-CV-02489-BF, 2012 WL 4512500, at *4 (N.D. Tex. Oct. 2, 2012) ("Where a corporation enters into a contract, the officer's signature on the contract, with or without a designation as to his representative capacity, does not render him personally liable under the contract."); *J.B. Int'l, LLC*

*v. William Noble Rare Jewels, L.P.*, No. 3:22-CV-1422-K, 2023 WL 7190642, at *3 (N.D. Tex. Nov. 1, 2023) ("While Mr. Noble signed the agreement without indicating whether he was acting as William Noble Rare Jewels' representative, the Court must enforce the language in the body of a contract clearly indicating that the contract is the store's alone").

This is true even where, as here, the signature block incidentally refers to the agent—instead of the principal—as a party to the contract. *See, e.g., Robertson v. Bland*, 517 S.W.2d 676, 678 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ dism'd) (agent's signature as "Contractor" and signature block's lack of reference to principal did not make agent personally liable where contract contemplated that principal would serve as contractor). As one Texas Court of Appeals has explained:

> One who purports to contract on behalf of a designated person does not manifest by this that he is making a contract on his own account, and only where he so manifests does the agent become a party to a contract which he makes for the principal. In the absence of other facts, the inference is that the parties have agreed that the principal is, and the agent is not, a party. This is true although the agent uses such an expression as, "I will sell."

*Plan B Holdings, LLC v. RSLLP*, 681 S.W.3d 443, 455 (Tex. App.—Austin 2023) (quoting Restatement (Second) of Agency § 320 cmt. a (Am. L. Inst. 1958)).

When applying Texas law, courts must "interpret contracts to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 443 (Tex. 2017) (internal quotation omitted). Here, the signature blocks cannot be construed as naming Molina and Nejad as the "Customer" in their individual capacities without (1) rendering meaningless the first sentence of each agreement, which names FAD as the only party other than LMC; (2) imposing no obligations on FAD, (3) bestowing no benefits on FAD, and (4) containing no signature block for a representative of FAD to sign. This would be an absurd result.

Because Molina and Nejad are only involved in their capacity as agents of FAD, the causes of action against them fail to state a claim upon which relief may be granted and must be dismissed pursuant to Rule 12(b)(6).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court:

(i)     grant this Motion;

(ii)    pursuant to Federal Rule of Civil Procedure 12(b)(2), dismiss all causes of action asserted against Defendants for lack of personal jurisdiction;

(iii)   alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss the causes of action against Molina and Nejad for failure to state a claim; and

(iv)    grant Defendants any other relief to which they may be entitled.

Respectfully submitted,

*/s/ Jordan M. Parker*
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 28, 2025, a true and correct copy of the foregoing was served on counsel for all parties via CM/ECF filing and via email.

*/s/ Michael Ackerman*
Michael Ackerman