IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § | |
| SUCCESSOR IN INTEREST TO LEGACY | § | |
| MEDICAL CONSULTANTS, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00941-O |
| | § | |
| FOOT & ANKLE DOCTORS, INC. | § | |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant Foot & Ankle Doctors, Inc. ("FAD" or "Defendant") files this Original Answer to the Original Petition (ECF No. 1) filed by Plaintiff Legacy Medical Consultants, LP, Successor in Interest to Legacy Medical Consultants, LLC ("Legacy"):

**I.
ADMISSIONS AND DENIALS**

**INTRODUCTION**

1. Paragraph 1 is a narrative of Legacy's claims and, as such, does not contain factual allegations requiring admission or denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them, except that it admits that FAD and Legacy entered into an agreement for the sale of certain human tissue products and that FAD has declined to pay certain invoices that Legacy alleges are owed and outstanding.

**DISCOVERY CONTROL PLAN**

2. Paragraph 2 does not contain any factual allegations requiring admission or denial.

**RELIEF**

3. Paragraph 3 does not contain any factual allegations requiring admission or denial.

## PARTIES

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant admits that Wendy Molina is FAD's Director of Operations, but otherwise denies the allegations in Paragraph 6.

7. Defendant admits that Farshid Nejad is a Doctor of Podiatric Medicine and FAD's Vice President, but otherwise denies the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. Defendant admits that the Court has subject matter jurisdiction over this suit.

9. Defendant admits FAD, Molina, and Dr. Nejad are non-residents and that FAD entered into contracts with Legacy. Defendant otherwise denies the allegations in the first sentence of Paragraph 9. Defendant admits that the contracts were performable and performed in part in Texas and that FAD engaged in transactions with Legacy under the contracts, made payments to Legacy, accepted products shipped from Legacy from Texas, and agreed to Texas law governing the contracts. Defendant otherwise denies the allegations in the second sentence of Paragraph 9.

10. Defendant denies that any court in Texas is a proper forum for this action, but admits that, subject to its objections to personal jurisdiction, venue for this action is appropriate and permissive in Tarrant County, Texas. Defendant admits that the contracts were executed and performed by Legacy in Tarrant County and that Tarrant County is Legacy's county of residence.

11. Defendant admits the allegations in Paragraph 11.

# FACTUAL ALLEGATIONS

### I. Plaintiff Legacy Medical Consultants

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, insofar as they describe what other healthcare providers do before purchasing products from Legacy. Defendant admits that FAD filled out a customer onboarding document.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, insofar as they describe what other healthcare providers do before purchasing products from Legacy. Defendant admits that FAD executed purchase and fulfillment/rebate agreements with Legacy and that they contained terms bearing on the purchase and sale of products, procedures for placing orders, and payment terms, but otherwise denies the allegations in Paragraph 14.

### II. The Agreement with Defendants

15. Defendant admits the allegations in Paragraph 15, except that it denies that Molina entered into the Impax Agreement.

16. Defendant admits the allegations in Paragraph 16, except that it denies that Dr. Nejad entered into the SurGraft Agreement.

17. Those exhibits are documents that speak for themselves. Paragraph 17 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Insofar as this Paragraph is deemed to contain factual allegations, Defendant denies them.

18. Defendant admits the allegations in the first sentence of Paragraph 18 insofar as they relate to FAD's orders, but Defendant denies that orders were placed on behalf of Molina or Dr. Nejad individually. Defendant admits the allegations in the second sentence of Paragraph 18 insofar as they relate to deliveries to FAD, except that FAD lack knowledge or information sufficient to form a belief about the truth of the allegation that Legacy would use second-day delivery. Defendant admits the allegations in the last sentence of Paragraph 18 insofar as Legacy generally would provide the shipment's delivery status information to FAD, except that Defendant denies that it would be provided to Nejad or Molina, personally.

19. Defendant admits that Legacy would send FAD invoices via email, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that this was done on the day Products were shipped.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, except that Defendant denies that it presently owes any sch amounts to Legacy.

21. Paragraph 21 contains legal conclusions and does not contain any factual allegations requiring admission or denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

22. Paragraph 22 contains legal conclusions and does not contain any factual allegations requiring admission or denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

23. Exhibit A is a document that speaks for itself. The allegations in Paragraph 23 do not contain factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

24. Exhibit B is a document that speaks for itself. The allegations in Paragraph 24 do not contain factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

25. Defendant admits that Dr. Nejad and Molina signed the Agreements on behalf of F&A and communicated with Legacy on behalf F&A and that Molina submitted orders on behalf of F&A. Defendant otherwise denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

### III. Defendants Fail to Pay Legacy at Least $2,108,297 that is Owed

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant admits the allegations in Paragraph 31, except insofar as they state or imply that the alleged payments were in fact due and owing.

32. Defendant admits that F&A did not remit payments demanded by Legacy. Defendant otherwise denies the allegations ni Paragraph 32.

33. The Exhibits are documents that speak for themselves. Paragraph 33 contains legal conclusions and does not contain any factual allegations requiring admission or denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

34. Defendant admits the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

## CONDITIONS PRECEDENT

36. Paragraph 36 consists of a legal conclusion and does not contain any factual allegations requiring admission or denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

## COUNT I

## BREACH OF CONTRACT
### (Against Defendants Molina and Foot & Ankle Doctors, Inc.)

37. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

38. Defendant admits that FAD entered into the Impax Agreement with Legacy on or about February 9, 2024. Defendant denies that Molina entered into the Impax Agreement.

39. The Impax Agreement is a valid and enforceable contract between Legacy and Defendants. Defendant admits that the Impax Agreement is a valid and enforceable contract between Legacy and FAD. Defendant denies that the Impax Agreement is a valid and enforceable contract between Legacy and Molina.

40. Defendant admits the allegations in Paragraph 40.

41. Defendant admits that Legacy generated and sent order statements to FAD, shipped human tissue products to FAD, and generated and sent monthly invoices to FAD. Defendant denies all other allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

## COUNT II

### IN THE ALTERNATIVE, QUANTUM MERUIT
### (Against Defendants Molina and Foot & Ankle Doctors, Inc.)

44. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

45. Defendant admits that Legacy provided goods and services to FAD that had value, but otherwise denies the allegations in Paragraph 45.

46. Defendant admits that the goods and services Legacy provided were requested by FAD and benefited FAD, but otherwise denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant admits that it accepted and used products received from Legacy by using them to treat patients. Defendant denies all other allegations in Paragraph 49.

50. Defendant admits the allegations in Paragraph 50.

51. Defendant admits that it has not paid certain invoices that Legacy claims are owed and outstanding, but otherwise denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

## COUNT III

### IN THE ALTERNATIVE, PROMISSORY ESTOPPEL
### (Against Defendants Molina and Foot & Ankle Doctors, Inc.)

53. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

## COUNT IV

### IN THE ALTERNATIVE, UNJUST ENRICHMENT
### (Against Defendants Molina and Foot & Ankle Doctors, Inc.)

58. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

59. Defendant admits that Legacy delivered products to FAD and issued invoices for them, but otherwise denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

## COUNT V

### BREACH OF CONTRACT
### (Against Defendants Nejad and Foot & Ankle Doctors, Inc.)

63. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

64. Defendant admits that FAD entered into the SurGraft Agreement with Legacy on or about April 1, 2024. Defendant denies that Dr. Nejad entered into the SurGraft Agreement.

65. Paragraph 65 consists of a legal conclusion and does not contain any factual allegations requiring admission or denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

66. Defendant admits the allegations in Paragraph 66.

67. Defendant admits that Legacy generated and sent order statements to FAD, shipped human tissue products to FAD, and generated and sent monthly invoices to FAD. Defendant denies all other allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

## COUNT VI

### IN THE ALTERNATIVE, QUANTUM MERUIT
(Against Defendants Nejad and Foot & Ankle Doctors, Inc.)

70. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

71. Defendant admits that Legacy provided goods to FAD that had value, but otherwise denies the allegations in Paragraph 71.

72. Defendant admits that the goods Legacy provided were requested by FAD, but otherwise denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant admits that FAD accepted and used products received from Legacy by using them to treat patients. Defendant denies all other allegations in Paragraph 75.

76. Defendant admits the allegations in Paragraph 76.

77. Defendant admits it has not paid certain invoices that Legacy claims are owed and outstanding, but otherwise denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

## COUNT VII

### IN THE ALTERNATIVE, PROMISSORY ESTOPPEL
### (Against Defendants Nejad and Foot & Ankle Doctors, Inc.)

79. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

## COUNT VIII

### IN THE ALTERNATIVE, UNJUST ENRICHMENT
### (Against Defendants Nejad and Foot & Ankle Doctors, Inc.)

84. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

85. Defendant admits that Legacy delivered products to FAD and issued invoices for them, but otherwise denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

### SUIT ON SWORN ACCOUNT

89. Defendant reasserts and incorporates by reference their responses to the allegations in the foregoing paragraphs.

90. Defendant admits that Legacy provided goods to FAD under contract(s) with FAD and founded on business dealings between them, but otherwise denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Paragraph 92 does not contain any factual allegations requiring an admission or a denial, except insofar as it is alleged that the exhibit reflects amounts owed by Defendant, in which case Defendant denies those allegations.

93. Defendant denies the allegations in the first sentence of Paragraph 93. Defendant lacks knowledge or information sufficient to admit or denies the allegations in the second sentence of Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

## REQUEST FOR JURY TRIAL

97. Paragraph 97 contains a jury demand and does not contain any factual allegations requiring admission or denial.

## CONCLUSION AND PRAYER FOR RELIEF

The final paragraph is a prayer for relief and does not contain any factual allegations requiring admission or denial. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

## II.
## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief may be granted.

2. The parties agreed that FAD's obligation to pay for products was contingent upon FAD's receipt of approval for reimbursement from the insurance or government payor. FAD did not receive such approval with respect to one or more of the products for which Legacy seeks payment in this case.

3. The Agreements are ambiguous with respect to payment terms and the conditions relating to insurance verification and Medicare approval.

4. Plaintiff fraudulently induced FAD into entering into the Agreements. Through its Director of National Contracts, Alex Poulemanos, and its distributor Joseph Frustaci, Plaintiff promised FAD in early 2024 that it would not seek payment for products purchased from Plaintiff if Medicare did not cover the corresponding claim for payment. At the time these promises were made, Plaintiff apparently had no intention of performing them. FAD relied upon Plaintiff's representations, and FAD would not have entered into the Agreements or ordered any Legacy products if it were not for the representations. Plaintiff also mispresented the quality, status, and acceptability of its products with respect to FDA approval and suitability for the services Plaintiff knew FAD was providing. FAD relied upon these to its detriment as well.

5. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

6. Plaintiff's claims are barred in whole or in part by the doctrines of equitable estoppel and quasi-estoppel.

7. Insofar as the Agreements' written payment terms conflict with the parties' agreement that FAD would only by responsible for paying for products once Medicare reimbursement was obtained, Legacy waived those payment terms.

8. The parties' course of dealing and/or course of performance demonstrated that Legacy would not seek payment for products unless and until Medicare approved the corresponding claim for reimbursement.

9. Plaintiff has failed to mitigate its alleged damages.

10. Plaintiff's claims for unjust enrichment, quantum meruit, and promissory estoppel fail because an express contract covers the subject matter of those claims.

11. Plaintiff committed a prior material breach of the Agreements when it began demanding payment and attempting collection on invoices for products that were not approved by Medicare.

12. In the event that it is determined that Plaintiff is entitled to recover some measure of damages in this case, Defendant is entitled to an offset.

Defendant's investigation of the facts is ongoing. Defendant reserves the right to amend, modify, or supplement these defenses after further discovery, to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders.

*    *    *

WHEREFORE, Defendant prays that Plaintiff recover nothing by reason of this suit.

Respectfully submitted,

*/s/ Jordan M. Parker*
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2025, a true and correct copy of the foregoing was served on counsel for all parties via CM/ECF filing.

*/s/ Jordan M. Parker*
Jordan M. Parker